ANDREW MAST (CSBN 284070)
GABRIEL MARTINEZ (CSBN 275142)
MICHAEL RABKIN (ILRN 6293597)
ALBERT B. SAMBAT (CSBN 236472)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
albert.sambat@usdoj.gov
Telephone: (415) 934-5300

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 13-00388 CRB |
| v. | **UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §5K1.1** |
| ROBERT WILLIAMS, | |
| Defendant. | |

The United States respectfully requests that this Court sentence defendant ROBERT WILLIAMS to (1) serve eight months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $4,000, a $100 special assessment, and $7,000 in restitution. This sentencing recommendation is based on the government's motion for a downward departure of 30 percent from the low end of the Guidelines range for substantial assistance and is consistent with the parties' plea agreement.

//

//

**BACKGROUND**

Defendant Williams is charged with participating in a conspiracy to suppress and restrain competition by rigging bids to obtain selected properties offered at public auctions in San Mateo County from October 2009 through December 2010.  Williams joined the bid-rigging conspiracy shortly after he first began attending the auctions.  Presentence Report ("PSR") ¶ 15.  He was initially approached by another conspirator, Dan Rosenbledt, who solicited money from Williams in exchange for not bidding against him for a property.  *Id.*  Although Williams initially resisted, he eventually agreed to make the payoff and subsequently made and received additional payoffs to refrain from bidding against his coconspirators on other properties auctioned in San Mateo County.  PSR ¶¶ 15-17.

On June 18, 2013, Williams was charged by information with one count of bid rigging and one count of conspiracy to commit mail fraud in San Mateo County.  Dkt. 1.  On July 31, 2013, Williams pleaded guilty and began cooperating with the government's investigation.  Dkt. 7.  On October 17, 2017, by stipulation, Williams withdrew from his original plea agreement and entered a new plea agreement to bid-rigging charges only.  Dkt. 38.

Williams's plea agreement reflects his participation in rigging 17 properties in San Mateo County, and a volume of commerce of $1,779,137.  PSR ¶ 17.  The volume of commerce does not reflect the bid-rigging agreements that Williams participated in for which he received payoff money.  Williams received $7,000 in payoff money for agreeing not to bid on two properties.  *Id.*

**ARGUMENT**

**A.**   **Sentencing Guidelines Calculations**

  **1.**   **Criminal History**

In Paragraph 12 of the plea agreement, the parties agree that Williams's Criminal History Category is determined by the Court.  The PSR calculates Williams's Criminal History Category as I based on his minimal criminal history.  PSR ¶¶ 33-37.

//

//

//

### 2.    Offense Level

The PSR calculates the total offense level as 13, consistent with the plea agreement.  PSR ¶ 32.  This calculation includes a one-level increase to the base offense level of 12 for conduct involving the submission of non-competitive bids, a two-level increase for a volume of commerce exceeding $1 million, and a downward reduction of two levels for acceptance of responsibility.  PSR ¶¶ 23-31.  U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§2R1.1(b)(1), 2R1.1(b)(2)(A), and 3E1.1(a) (U.S. Sentencing Comm'n 2016).

Under the Sentencing Guidelines, an offense level of 13 and Criminal History Category of I results in a sentence ranging from 12 to 18 months of imprisonment.

### 3.    Fine and Restitution

The PSR calculates a fine range of $20,000 to $88,957, consistent with the plea agreement.  PSR ¶ 78; U.S.S.G. §2R1.1(c)(1) (fine range shall be from one to five percent of the volume of commerce, but not less than $20,000).  In the plea agreement, the government agreed to recommend a fine between $4,000 and $40,000.  Dkt. 38.  This fine range was initially agreed to by the parties in the original plea agreement, based on the application of the fraud Guidelines, and was carried over to the revised plea agreement.  In conjunction with its custodial recommendation, the government recommends a $4,000 fine.  The government recommends restitution in the amount of $7,000, consistent with the plea agreement.  Dkt. 38.

**B.    Basis for Downward Departure for Substantial Assistance**

Pursuant to Section 5K1.1 of the Guidelines, the government moves for a downward departure for substantial assistance to the investigation.  The government recommends a 30 percent reduction from the low end of the Guidelines range of 12 months, resulting in a sentence of 8 months.

The timing, significance, nature, and extent of Williams's cooperation warrant a 30 percent reduction. Williams entered his original plea agreement pre-indictment nearly five years ago on July 31, 2013, and immediately began cooperating in the investigation.  His plea may have influenced the decision of defendants who pleaded after him to also plead guilty and accept responsibility.

Additionally, Williams provided an extensive interview with the FBI where he reviewed documents, provided corroborating information about the conduct of other conspirators, and described various bid-rigging agreements involving specific properties.  Williams also made himself readily available to the prosecution team in the event he would be needed for further information or potential testimony.

For these reasons, a 30 percent downward departure for substantial assistance to the investigation and prosecution of these cases is appropriate.

**C.    Sentencing Recommendation**

The government's recommendation of eight months is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553.  As the Court is well aware, the government believes the Court's sentence must reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to future bid-rigging offenses and white-collar crime generally.

Given the magnitude of the financial harm caused by Williams's and his coconspirators' conduct, the government's recommendation, which includes a custodial term, is appropriate and consistent with the commentary in the applicable Guidelines.  The commentary to the Guidelines makes clear that "prison terms for [Antitrust] offenders should be . . . common" and "alternatives such as community confinement [should] not be used to avoid imprisonment of antitrust offenders."  U.S.S.G. §2R1.1, cmt. N. 5 & Background.  Given Williams's substantial assets, a fine alone—in the absence of a custodial term—would not serve as an adequate deterrent.  The foreclosure auctions were vulnerable to bid rigging, especially in the aftermath of the foreclosure crisis, when the auctions were flooded with investment opportunities.  Williams did not originate the conspiracy, but he joined it knowingly and continued participating in it willingly.

The government's recommended sentence also adequately considers the history and characteristics of the defendant, including his early decision to accept responsibility, his willingness to pay restitution and cooperate in the investigation, and his minimal criminal history.

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the government's motion for a downward departure of 30 percent from the low end of the Guidelines range for substantial assistance and sentence defendant Williams to (1) serve eight months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $4,000, a $100 special assessment, and $7,000 in restitution.

Dated: April 19, 2018                                Respectfully submitted,

 

/s/ _____

ALBERT B. SAMBAT
Trial Attorney
United States Department of Justice
Antitrust Division